**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                   Case No. 11-20052
                                                                 Honorable Denise Page Hood

VISHNU PRADEEP MEDA (D-2),

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT UNDER DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT**

**I.  BACKGROUND**

On February 17, 2011, the grand jury returned an indictment against defendants Mehran Javidan, Vishnu Pradeep Meda, and Ram Naresh Rajulapati. The indictment alleges that Acure Home Care, Inc. was a home health care agency providing in-home physical therapy and other services to Medicare beneficiaries. Acure was owned and controlled by Javidan. Meda was a physical therapist at Acure. Meda is charged with one count of conspiracy to commit health care fraud, 18 U.S.C. § 1349, and one count of health care fraud, 18 U.S.C. § 1347. [Indictment, Docket No. 3].

Meda was also involved in the related matter of *United States v. Shahab, et al.*, Case No. 10-20014. There he was charged with one count of health care conspiracy in violation of 18 U.S.C. § 1349. After a jury trial, a judgment of acquittal was entered for Meda on October 26, 2012. [Judgment of Acquittal, Case No. 10-20014, Dkt No. 503].

This matter comes before the Court on Meda's Motion to Dismiss Indictment under Double Jeopardy Clause of the Fifth Amendment. For the reasons stated below, the Motion to Dismiss Indictment is DENIED.

## II.  ANALYSIS

### A.  Double Jeopardy

Meda argues that double jeopardy attaches to Meda's acquittal in *United States v. Shahab, et al.,* Case No. 10-20014.[1] The Double Jeopardy clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb . . . ." U.S. CONST. amend. V. Specifically, the Double Jeopardy Clause provides three separate guarantees: (1) protection against re-prosecution for the same offense after acquittal; (2) protection against re-prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989). The prohibition against re-prosecution after acquittal "ensures that the State does not make repeated attempts to convict . . . , thereby exposing [an individual] to continued embarrassment, anxiety, and expense, while increasing the risk of an erroneous conviction or an impermissibility enhanced sentence." *Ohio v. Johnson*, 467 U.S. 493, 498–99 (1984).

In *Blockburger v. United States*, the Supreme Court provided in the "same elements" test, which provides that "the same act or transaction constitutes a violation of two distinct statutory

---

[1] In *Shahab*, Meda was charged with one count of Health Care Fraud Conspiracy in violation of 18 U.S.C. § 1349. [Third Superseding Indictment, Docket No. 451] In this matter, Meda is also charged with Health Care Fraud Conspiracy, in addition to four counts of Health Care Fraud, 18 U.S.C. § 1347 and 2, and four counts of False Statements, 18 U.S.C. § 1035 and 2. [First Superseding Indictment, Docket No. 52].

provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." 284 U.S. 299, 304 (1932). However, in a conspiracy case, the question of whether the Government may prosecute Meda for conspiracy in separate indictments turns on whether there was more than one conspiracy. *United States v. Sinito*, 723 F.2d 1250, 1256 (6th Cir. 1983). The Sixth Circuit employs a totality of the circumstances test. The trial court must consider (1) the time, (2) the people acting as coconspirators, (3) the statutory offenses charged in the indictment, (4) the overt act charged, and (5) the places where the conspiracy allegedly took place. *Id.* When the inquiry yields several differences between the factors, the Court may safely conclude that there are two separate conspiracies. *Id.* at 1256–57.

The Government argues that there are two distinct conspiracies. Meda maintains that the current and *Shahab* cases were part of *one* conspiracy. He notes that "the commonality of time period, employees, and patients establishes that any alleged health care fraud scheme involving Acure, was simply part of the alleged scheme involving Patient Choice and All American." He further asserts that the Government intends to use the same evidence in *Shahab* to convict him in this matter. [Docket No. 51, Pg ID 163] The Court finds that there were two separate conspiracies.

The time factor does not weigh in favor of dismissal. The *Shahab* conspiracy began in September 2007 and ended in September 2009, after the execution of search warrants at Patient Choice and All American. The present alleged conspiracy did not begin until March 2009 and ended in November 2010. There was only an overlap of six months. Meda stopped receiving checks from Patient Choice and All American in September 2009. His first check for Acure was in August 2009, an overlap of only two months. He continued to receive checks from Acure until January 2010,

several months after the conspiracy at Patient Choice and All American ended. Although there is some overlap, it is minimal and does not demonstrate the existence of one conspiracy. *See Sinito*, 723 F.2d at 1257 ("An overlap of ten months is not indicative of one conspiracy.").

The second factor, similarities between those acting as coconspirators, does not support dismissal of the indictment. Meda contends that there are a significant number of common indicted and unindicted coconspirators. Shahab and Meda appear to be the only persons in common. Shahab's role at Acure appears to be as an investor. It is not apparent at this time that he ran the day-to-day operations at Acure. Rather, it is alleged it was Mehran Javidan and not Shahab that controlled Acure's day-to-day operations. Shahab controlled the day-to-day operations at Patient Choice and All American. Javidan disassociated herself with Shahab in September 2009 after the warrant was executed and the alleged conspiracy at Acure continued until November 2010, more than a year after Javidan disassociated with Shahab. Although this factor alone is not dispositive, Meda is the only person named in both indictments. *See Sinito*, 732 F.2d at 1257–58 (finding that second factor did not weigh in favor of one conspiracy when the indictment in dispute "involve[d] a host of figures" that were unmentioned in the previous indictment.)

As to the third factor, statutory offenses charged, Meda was charged with conspiracy to commit health care fraud in both indictments. This factor, necessarily, weighs in favor of dismissal.

The fourth factor, overt acts, leans toward a finding of two distinct conspiracies. The indictment in the present matter indicates that the overt act charged is billing false claims to Medicare under the Acure provider number. The overt act charged in *Shahab* was the billing of false claims under the Patient Choice and All American Medicare provider numbers. Although the purpose and means of advancing both conspiracies were the same, it was the separate overt acts of

billing under the Medicare provider number for Acure or Patient Choice and All American that precipitated the indictments.

The final factor, physical location, maybe viewed as indicative of one conspiracy. All three physical therapy agencies resided in Greenfield Plaza in Oak Park, Michigan. Acure did not relocate until January 2010.

In considering all five factors, it would appear that there were two conspiracies. The fact that there was minimal overlap in time and individuals involved, coupled with different overt acts leads the Court to the conclusion that there were two separate and distinct conspiracies. The Court finds that the present indictment poses no double jeopardy violation.

      **B.**    **Collateral Estoppel**

Meda contends, in the alternative, that collateral estoppel bars the Government from introducing evidence introduced in the *Shahab* case in this matter. He asserts that evidence of his participation in home health care fraud at Patient Choice and All American was introduced to show that he was part of a health care fraud conspiracy and the issue was decided when the jury acquitted him. In response, the Government argues that collateral estoppel would not attach if the Court found that there were two separate conspiracies because there is no evidence that the jury considered and actually determined facts at issue in this case: (1) whether Meda conspired with Javidan, (2) whether he aided and abetted in the submission of fraudulent information for Acure; and (3) whether Meda made false statements on health care matters for Acure.

"[W]here the prosecution seeks to relitigate issues decided in the defendant['s] favor in a prior criminal trial, both collateral estoppel and the fifth amendment double jeopardy clause prohibit the prosecution of the defendant for offenses arising out of the same transaction involved in the first

trial." *United States v. Johnson*, 697 F.2d 735, 739 (6th Cir. 1983) (citing *Ashe v. Swenson*, 397 U.S. 436 (1970)).  If an issue of fact that was determined in the first trial is necessary to convict in the second trial, the prosecution is barred.  *United States v. Benton*, 852 F.2d 1456, 1466 (6th Cir. 1988). The movant has the burden of proving "by convincing and competent evidence that the fact sought to be foreclosed was necessarily determined by the jury against the government in the prior trial." *Id.*.

It is apparent that Meda has not met his burden.  He argues that the prior jury found that he did not participate in Medicare fraud or falsify documents for submission to Medicare.  The jury made these determinations as to Patient Choice and All American.  The Court did not allow the Government to present evidence as to Acure.  The jury did not determine whether Meda had participated in health care fraud or a conspiracy to commit health care fraud, or falsified medical information as to Acure.  The only issue before the jury in the prior trial was whether Meda joined in the conspiracy to commit health care fraud at Patient Choice and All American.  Meda presents no evidence that would lead to a contrary conclusion.  The Court finds that Meda has not satisfied his burden that collateral estoppel should bar the indictment in this matter.

### III.     CONCLUSION

Accordingly

**IT IS ORDERED** that Defendant's Motion to Dismiss the Indictment under Double Jeopardy Clause of the Fifth Amendment [Docket No. 51, filed December 5, 2012] is **DENIED**.

                                            S/Denise Page Hood
                                            Denise Page Hood
                                            United States District Judge

Dated:  February 1, 2013

  I hereby certify that a copy of the foregoing document was served upon counsel of record on February 1, 2013, by electronic and/or ordinary mail.

              S/LaShawn R. Saulsberry
              Case Manager